# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 11-195-LPS |
| SEAFORD POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

August Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

April 3, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff August Hebrew Evans, Jr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations and violations of Delaware law.[1] (D.I. 3, 21) Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has paid the filing fee. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A.

## II. BACKGROUND

On July 14, 2006, Plaintiff's father, Augustus Hebrew Evans, Sr. ("Evans Sr."), was struck by an automobile. He subsequently died from his injuries. Earlier on July 14, 2006, Defendant Sgt. Thomas Lee ("Sgt. Lee"), a member of the Seaford Police Department, saw Evans Sr., who was familiar to the Seaford police. Evans Sr. appeared to be intoxicated, and Sgt. Lee gave him a ride to an apartment where he believed Evans Sr. resided. Sgt. Lee watched two other individuals enter the apartment with Evans Sr. and Sgt. Lee drove away. Unbeknownst to Sgt. Lee, Evans Sr. had been temporarily relocated to a motel due to flooding. When Evans Sr. was struck by a vehicle later in the day, he was walking in the opposite direction from the motel.

On March 13, 2007, Plaintiff filed a civil rights claim in the Superior Court of the State of Delaware ("Superior Court"), *Evans v. Sterner*, No. SS07C-03-009 THG (the "State case"), apparently on behalf of Evans Sr. The instant Complaint alleges that on April 17, 2007, the Superior Court rejected the claim and directed Plaintiff to file an action under Delaware's

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Wrongful Death Statute. The April 17, 2007 docket entry for the State case states, "the motion to proceed in forma pauperis is granted and this action is stayed until the sooner of 10/12/07 or the date Plaintiff establishes he is an executor or administrator of the Estate of Augustus Hebrew Evans, Sr." (D.I. 24 at 5) Apparently, when Plaintiff did not establish that he was the executor or administrator of the estate of Evans Sr., he proceeded to file an Amended Complaint on his own behalf where, as he states in a pending motion before this Court, he "abandoned the civil rights tort" and, thereafter, raised claims under Delaware's Wrongful Death Statute, 10 Del. C. §§ 3721-3725, and the County and Municipal Tort Claims Act, 10 Del. C. §§ 4001-4013, naming as defendants the Seaford Police Department, Capt. Gary Flood ("Flood"), Cpl. Jason Sterner, and PFC Chris Miller.[2] (*See* D.I. 23 at 1) On March 27, 2008, the claims against the Seaford Police Department and Flood were dismissed with prejudice for failure to state a claim upon which relief can be granted.

On October 24, 2008, in the State case, Plaintiff was given leave to amend to add Sgt. Lee as a defendant. On October 21, 2009, the Superior Court granted Sgt. Lee summary judgment upon finding that Sgt. Lee was immune from suit pursuant to the County and Municipal Tort Claims Act, 10 Del. C. § 4011(c). The Superior Court specifically noted that Plaintiff failed to point to any evidence that could give rise to a jury finding that Sgt. Lee acted wantonly or that Sgt. Lee's conduct was done with a willful and malicious intent as to the safety of Evans Sr. (D.I. 24 at ex. 1) Plaintiff appealed to the Delaware Supreme Court, which affirmed the judgment on June 1, 2010. *See Evans v. Lee*, 2010 WL 2179803 (Del. June 1, 2010) (table).

---

[2]The Seaford Police Department, Flood, and Sgt. Lee (later added to the State case) are named defendants in the instant complaint. Mayor Ed Butler, who is also named in the instant Complaint, was not a named defendant in the State case.

Plaintiff's subsequent petitions for a writ of certiorari and for rehearing were denied by the United States Supreme Court. *See Evans v. Lee*, ___U.S.___, 131 S.Ct. 913 (2011); *Evans v. Lee*, ___U.S.___, 131 S.Ct. 1562 (2011).

Plaintiff filed the instant Complaint on March 7, 2011, followed by an Amended Complaint on June 28, 2011. (D.I. 3, 21) He alleges that he has exhausted "all State court tort causes and brings the rejected claims under the substantive due process rights of the United States Federal Constitution that are ripe before the District Court." (D.I. 21 at ¶ II) He asks this Court to vacate the Superior Court's October 21, 2009 judgment, and has filed a Rule 60(b) Motion for Relief from Judgment in this Court, a Motion to Amend the Rule 60(b) Motion, a conference hearing request, and a Rule 9 Special Pleading to address claim preclusion, res judicata, and statute of limitations. (*See* D.I. 23, 29, 30, 31)

The Amended Complaint alleges that, because the substantive due process claim was dismissed by the Superior Court for want of jurisdiction on March 7, 2007 and, because Plaintiff was directed to file his lawsuit under State statutes, he preserved his federal constitutional claim for review by this Court. Plaintiff sues defendants in their individual and official capacities on the grounds that the exercise of the municipality's "policy or custom" played a substantial part in the violation of Evans Sr.'s substantive due process rights and liberty interest in personal security under the "state created danger theory."[3] Plaintiff alleges that: (1) Sgt. Lee abandoned Evans Sr., thus increasing the risk of harm to a visibly intoxicated individual to whom Sgt. Lee owed a duty

---

[3]The state created danger doctrine "places an affirmative duty under the due process clause on an official to protect and care for an individual when the official has placed the individual in a dangerous position that he would not have otherwise faced." *Wyatt v. Krzysiak*, 82 F. Supp. 2d 250, 255 (D. Del. 1999); *see also J.L. v. Barnes*, 33 A.3d 902 (Del. Super. 2011).

3

that he breached; (2) Flood failed to train against a widespread inadequate policy and/or custom; and (3) as to Butler, the municipality's training of its police officers in handling intoxicated persons is inadequate, and the deficiency in training actually caused Sgt. Lee to abandon Evans Sr. in his visible state of inebriation and need for assistance. Plaintiff seeks compensatory and punitive damages totaling twelve million dollars.

### III. **LEGAL STANDARDS**

Notwithstanding Plaintiff's payment of the filing fee, the Court must, pursuant to 28 U.S.C. § 1915A, screen an inmate's complaint that seeks redress from a government defendant in a civil action. *See Williams v. Marino*, 2008 WL 2247090, at *3 (M.D. Pa. May 30, 2008) (citing *Vega v. Kyler*, 90 F. App'x 437 (3d Cir. Jan. 28, 2004) (not published) (prisoner civil rights complaint filed with fee paid is subject to review under 28 U.S.C. § 1915A(b) but not 28 U.S.C. § 1915(e)(2)).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

4

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at

5

1949. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Rooker-Feldman Doctrine

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). The *Rooker-Feldman* doctrine applies in cases "brought by [a] state-court loser . . . complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

---

[4]Because the *Rooker-Feldman* doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003).

Plaintiff couches his claims as violations of Evans Sr.'s right to due process, pursuant to 42 U.S.C. § 1983 under the state created danger doctrine. It is evident, however, that he actually seeks review and rejection of Delaware state court decisions in the wrongful death and municipal tort liability lawsuit he filed on behalf of his deceased father. Of note is that Plaintiff filed a Rule 60(b) Motion for Relief from Judgment for this Court to reverse the Superior Court's October 21, 2009 grant of summary judgment to defendants in the State case. (*See* D.I. 23)

Plaintiff's claims come within the purview of the *Rooker-Feldman* doctrine and, therefore, the Court cannot exercise jurisdiction. Allowing Plaintiff's claims to proceed against Defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker-Feldman* doctrine. *See Rooker*, 263 U.S. at 413; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Thus, to the extent that Plaintiff seeks to have this Court invalidate the orders of the Superior Court of the State of Delaware, this Court lacks the jurisdiction to do so.

### B. Claim Preclusion/Issue Preclusion

This Court may dismiss, *sua sponte*, claims barred by res judicata or claim preclusion. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. July 2, 2003) (not published) (affirming *sua sponte* dismissal of complaint on grounds of res judicata and collateral estoppel). Under the doctrine of res judicata (also referred to as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *See Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. May 10, 2007) (not published); *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002). "The rationale is that if the adjudication of an action is binding on

parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Transamerica Occidental*, 292 F.3d at 392.

Collateral estoppel (also known as issue preclusion) refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *See Fairbank's Capital Corp.*, 234 F. App'x at 23. Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment," making the determination "conclusive in a subsequent action between the parties, whether on the same or a different claim." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (internal quotation marks omitted). There are four requirements for the application of collateral estoppel: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *See id.*

Plaintiff is barred by the doctrines of claim and issue preclusion from relitigating his claims relating to the actions of the Seaford Police Department, its officers, and city officials with regard to Evans Sr.'s death. *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995). Plaintiff raised civil rights claims in his initial Complaint filed in the State case, but he then abandoned the civil rights claims to pursue State claims. (*See* D.I. 23 at 1) To the extent Plaintiff seeks to raise additional claims that could have been raised in his prior State case, said claims are also barred. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1994).

C.  **Statute of Limitations**

Plaintiff's claims are also time-barred, presenting an alternative basis for dismissal. In a filing with the Court, Plaintiff appears to invoke equitable tolling, contending that, because the State court rejected his civil rights claim and directed him to file under Delaware laws, the statute of limitations does not apply where he timely asserted his rights mistakenly in the wrong forum. (*See* D.I. 31) Equitable tolling is an extraordinary form of relief and is appropriate only when: (1) a defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his or her claim in the wrong forum. *See Lake v. Arnold*, 232 F.3d 360, 370 n 9 (3d Cir. 2000). Plaintiff is no stranger to federal litigation, having filed fourteen cases in this Court. The Court fails to see how either the State court's alleged rejection of Plaintiff's civil rights claim and/or Plaintiff's abandonment of the civil rights claim in the State case precluded him from timely filing his claims in federal court. Extraordinary relief is not warranted.

The Amended Complaint raises claims pursuant to 42 U.S.C. § 1983 and alleges a state-created danger occurred on July 14, 2006. The § 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. When the affirmative defense of statute of limitations is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Smith v. Delaware County Court*, 260 F. App'x 454, 455 (3d Cir. Jan. 10, 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. Dec. 7, 2006) (not

published). Plaintiff's claims arose in July 2006, but he only first filed them here in March 2011. As is evident from the face of the Complaint and Amended Complaint, Plaintiff's claims are barred by the applicable two-year limitations period.

Accordingly, the Court will dismiss the § 1983 claims as time-barred pursuant to 28 U.S.C. § 1915A(b)(1) and will decline to exercise jurisdiction over Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. **CONCLUSION**

For the above reasons, the Court will deny as moot all pending motions (D.I. 18, 23, 29, 30, 31), and dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1). Amendment is futile.

An appropriate Order follows.

published). Plaintiff's claims arose in July 2006, but he only first filed them here in March 2011. As is evident from the face of the Complaint and Amended Complaint, Plaintiff's claims are barred by the applicable two-year limitations period.

Accordingly, the Court will dismiss the § 1983 claims as time-barred pursuant to 28 U.S.C. § 1915A(b)(1) and will decline to exercise jurisdiction over Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. **CONCLUSION**

For the above reasons, the Court will deny as moot all pending motions (D.I. 18, 23, 29, 30, 31), and dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1). Amendment is futile.

An appropriate Order follows.